**YATI BONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70417.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 8, 2011.

Albert C. Lum, Esquire, Law Office of Albert C. Lum, Las Vegas, NV, for Petitioner.

OIL, Kate D. Balaban, Esquire, Carl H. McIntyre, Jr., Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Yati Bong, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Bong established changed or extraordinary circumstances excusing the untimely filing of her asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam); *Tampubolon v. Holder*, 610 F.3d 1056, 1059 n. 4 (9th Cir. 2010). Accordingly, Bong's asylum claim fails.

Substantial evidence supports the agency's denial of Bong's claim for CAT relief because she failed to show it is more likely than not she will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067–68.

Substantial evidence also supports the agency's determination that Bong's experiences in Indonesia, including harassment, discrimination, and a robbery, did not constitute past persecution. *See id.* at 1059–60. In addition, the record does not compel the conclusion that there is a pattern or practice of persecution against Chinese in Indonesia. *See id.* at 1061–62. However, in denying Bong's withholding of removal claim, the agency did not apply the disfavored group analysis. Because the agency did not have the benefit of our intervening decision in *Wakkary*, we remand for the agency to assess Bong's withholding of removal claim under the disfavored group analysis in the first instance. *See id.* at 1067; *see also INS v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

John Hogan, Senior Litigation Counsel, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.